IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 13-101-LPS |
| ) | |
| STEPHANIE PATTERSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

At Wilmington, this 21st day of July, 2016, the Court having considered Defendant Stephanie Patterson's ("Defendant") "Motion for Deferment of the Defendant's Restitution Payments Until Defendant Is Released From Federal Prison Camp" (D.I. 90) ("Defendant's Motion");

IT IS HEREBY ORDERED that, for the reasons set forth below, Defendant's Motion) is **DENIED**:

1. On October 31, 2013, Defendant pled guilty to a three-count Information with Notice of Forfeiture, charging her with false claims conspiracy, a violation of 18 U.S.C. § 286, social security fraud, a violation of 18 U.S.C. § 1341, and aiding and abetting fraud with a social security number, a violation of 42 U.S.C. § 408(a)(7)(b) and 18 U.S.C. § 2. (*See* D.I. 55, 53) Defendant's plea agreement recites:

> If the defendant cannot pay the *special assessment*, or if the Court orders the payment of any fine as part of the defendant's sentence, and the defendant is incarcerated as part of the sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons [("BOP")] administered program known as the Inmate

1

> Financial Responsibility Program [("IFRP")], through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

(D.I. 55 at 5) (emphasis added)

2. On August 7, 2014, Defendant was sentenced to 42 months imprisonment followed by three years of supervised release. (D.I. 86 at 2-3) Defendant was ordered to pay a special assessment of $300.00 and to pay restitution in the amount of $872,443.00. (*Id.* at 5) Defendant's special assessment and restitution obligations were made due immediately. (*Id.*) Nothing in the judgment required Defendant to participate in the IFRP. (*See id.*) However, Defendant must make payments of no less than $200 per month while serving her term of supervised release.

3. Defendant filed her motion on November 4, 2015, requesting that the Court "defer the payments" of "restitution until [she] has completed serving her sentence of incarceration." (D.I. 90 at 1) On November 10, 2015, the government filed a Response in Opposition. (D.I. 92) Defendant filed a Reply conceding the voluntary nature of the IFRP, and that the judgement does not require her participation in the IFRP, but claiming her "case manager at Danbury F.P.C. has required the Court affirm the Defendant may defer or modify in the form of a reduction in her current IFRP pay plan, therefore requiring the Court's intervention." (D.I. 94 at 1)

4. Pursuant to 28 C.F.R. § 545.10, the BOP "encourages each sentenced inmate to meet his or her legitimate financial obligations." BOP staff members assist inmates in developing financial plans and monitor inmates' progress towards satisfying court-ordered financial obligations. *See* 29 C.F.R. § 545.11. The IFRP is not mandatory. *See United States v.*

2

*Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2012). But lack of participation in the IFRP can result in the inability to obtain certain prison benefits. *See* 28 C.F.R. § 545.11(d).

5.  Defendant's requested relief – modification of her IFRP payment schedule – is a challenge to the execution of her sentence. *See McGee v. Martinez*, 627 F.3d 933, 936–937 (3d. Cir. 2010) ("IFRP is therefore part of the Bureau's means of 'executing' the sentence . . . ."). In order to seek such relief, Defendant must bring a claim under 28 U.S.C. § 2241 in the district where her sentence is being carried out. *See Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002). This Court is without jurisdiction to provide the relief she seeks.

Accordingly, Defendant's motion (D.I. 90) is DENIED.

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

3